ORIGINAL



FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 16 2004

JAMES R. LARSEN, CLERK
DEPUTY
SPOKANE, WASHINGTON

Scott Bruns, WSBA No. 15,060
Attorney at Law
6 South 2nd Street, Suite 903
Yakima, Washington 98901
(509) 454-9591

Wes L. Gano, WSBA No. 19,606
STRATTON BALLEW PLLC
213 S. 12th Avenue
Yakima, Washington 98902
(509) 453-1319

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDT'S FRUIT TREES, INC., a Washington corporation; CAMERON NURSERY, LLC, a Washington limited liability company; STARK BRO'S NURSERIES & ORCHARDS CO., an Illinois corporation; OREGON ROOTSTOCK & TREE COMPANY, INC., d/b/a Treco, an Oregon corporation; and VAN WELL NURSERY, INC., a Washington corporation; Plaintiffs, v. INLAND-JOSEPH FRUIT COMPANY, a Washington state corporation; SUSAN PUTMAN and her marital community; AGRICOLA SANTA XIMENA S.A., a Chilean company; ALEJANDRO FRENO, a citizen of Chile; SPRING RIVER ORCHARD, LLC, a Washington limited liability company; | CAUSE NO.: CV-04-3039-AAM<br><br>COMPLAINT FOR PLANT PATENT INFRINGEMENT, TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CIVIL CONSPIRACY, AND UNFAIR COMPETITION |



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

LONESOME DOVE, LLC, a Washington limited liability company; BYRD ORCHARDS, LLC, a Washington limited liability company; and BYRD-COLUMBIA, LLC, a Washington limited liability company; and GRANDVIEW RANCH, LLC, a Washington limited liability company,

Defendants.

Plaintiffs allege:

## NATURE OF THE ACTION

1. Plaintiffs' claims arise under:

1.1 The Patent Act of the United States, 35 U.S.C. § 101 *et seq.*, for statutory plant patent infringement.

1.2 The Lanham Act, 15 U.S.C. § 1051 *et seq.*, for trademark infringement, trademark counterfeiting, false designation of origin, unfair competition, and unfair business practices.

1.3 The Washington Consumer Protection Act, RCW 19.86.010 *et seq.*, for unfair acts and practices and consumer protection.

1.4 Washington state common law for civil conspiracy

Plaintiffs seek equitable relief, damages, enhanced damages, statutory damages, prejudgment interest, costs of suit and reasonable attorney's fees as allowed under federal and state law.

## PARTIES

2. Plaintiffs are all members of the National Licensing Association - US LLC (the "NLA"). Plaintiffs are:

2.1 Brandt's Fruit Trees, Inc. (***Brandt's***), is a Washington corporation having a principal place of business at Parker, Washington. Brandt's is the exclusive licensee of the

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 • Fax (509) 453-4704

patented apple variety Waliser Gala cv. – Plant Patent No. 8,673 (the '673 Plant Patent). Brandt's is the exclusive master licensee of the patented apple variety Cripps Pink cv. – Plant Patent No. 7,880 (the '880 Plant Patent). Brandt's is the owner of the following trademarks and U.S. trademark registrations: Crimson® Gala, U.S. Reg. No. 1,921,296; Crimson® Gala, U.S. Reg. No. 2,736,072; Pink Lady®, U.S. Reg. No. 1,975,604; Pink Lady®, U.S. Reg. No. 2,396,713; and Pink Lady® + design, U.S. Reg. No. 2,257,590.

2.2 Cameron Nursery, LLC (***Cameron***), is a Washington limited liability company having a principal place of business at Eltopia, Washington. Cameron is the exclusive licensee of the patented apple variety Vallee Spur cv. – Plant Patent No. 6,702 (the '702 Plant Patent).

2.3 Stark Bro's Nurseries & Orchards Co. (***Stark Bro's***) is an Illinois corporation having a principal place of business at Louisiana, Missouri. Stark Bro's is the owner of all right, title, and interest of the patented apple variety Obrogala cv. – Plant Patent No. 8,621 (the '621 Plant Patent). Stark Bro's is also the owner of the following common law trademark: Ultrared Gala™.

2.4 Oregon Rootstock & Tree Company, Inc., d/b/a Treco (***Treco***), is an Oregon state corporation having its principal place of business in Woodburn , Oregon. Treco is the owner of all right, title, and interest in the patented apple variety TAC # 114 cv. Fuji - Plant Patent 8,032 (the '032 Plant Patent).

2.5 Van Well Nursery, Inc. (***Van Well***) is a Washington corporation having a principal place of business at Wenatchee, Washington. Van Well is the owner of all right, title, and interest of the patented apple variety W & W cv. – Plant Patent No. 4,819 (the '819 Plant Patent). Van Well is the owner of all right, title, and interest of the patented apple variety Snipes cv. – Plant Patent No. 4,839 (the '839 Plant Patent). Van Well is also the owner of the following trademarks and U.S. Trademark Registrations: Oregon Spur®, U.S. Reg. No. 1,501,549 and Scarlet Spur®, U.S. Reg. No. 1,952,536.



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

3. Each Plaintiff is an owner or exclusive licensee of the patent and/or trademark rights that are infringed by defendants.

4. Defendant Inland-Joseph Fruit Company (Inland) is a Washington corporation having its principal place of business in Wapato, Washington.

5. Defendant Susan Putman and her marital community (Putman) reside in Wapato, Washington. Upon information and belief, Susan Putman is the Chief Executive Officer of Inland. All acts alleged herein were undertaken both individually and on behalf of her marital community.

6. Defendant Agricola Santa Ximena S.A. (Ximena) is a Chilean company that exports Chilean fresh fruit, including fresh apples exported into the United States. Ximena has shipped, and is continuing to ship, apples from Chile to packing and distribution facilities located in this judicial district.

7. Upon information and belief, Defendant Alejandro Freno (Freno) is a citizen of Chile. Alejandro Freno is the President of Ximena.

8. Defendant Spring River Orchard, LLC, (Spring River) is a Washington limited liability company, having its principal place of business within this judicial district.

9. Defendant Lonesome Dove, LLC, (Lonesome Dove) is a Washington limited liability company, having its principal place of business within this judicial district.

10. Defendant Byrd Orchards, LLC, (Byrd Orchards) is a Washington limited liability company, having its principal place of business within this judicial district.

11. Defendant Byrd-Columbia, LLC, (Byrd-Columbia) is a Washington limited liability company, having its principal place of business within this judicial district.

12. Defendant Grandview Ranch, LLC, (Grandview Ranch) is a Washington limited liability company, having its principal place of business within this judicial district.



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

13. Defendants Inland, Putman, Spring River, Lonesome Dove, Byrd Orchards, Byrd-Columbia, and Grandview Ranch, may also be collectively referred to as "**Inland Orchard Owners**."

14. Defendants Inland, Putman, Ximena, and Freno may also be collectively referred to as "**Importing Defendants**."

**JURISDICTION AND VENUE**

15. Plaintiffs' claims arise under the laws of the United States related to patents ( 35 U.S.C. § 101 *et seq.),* trademarks (15 U.S.C. § 1051 *et seq.*), Washington state consumer protection and unfair competition laws (R.C.W. 19.86.010 *et. seq.*), and Washington state common law.

16. This court has original jurisdiction of this action under Title 28 U.S.C. §§ 1331, 1338(a), and 1338(b) and supplemental or pendant jurisdiction over the remaining claims under 28 U.S.C. § 1367(a). The Court has personal jurisdiction over the defendants by reason of their residing within this judicial district, and their transaction of business in this judicial district and the commission of acts of infringement, within or without the State of Washington and this judicial district, having consequences within the State of Washington. The claims for relief under Washington State law are joined as substantial and related claims; accordingly, subject matter jurisdiction for these claims for relief is conferred on this Court pursuant to the doctrines of pendant, ancillary, and supplemental jurisdiction.

17. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and RCW 4.28.185(1)(a) and (b).

**FACTS RELATED TO JOINDER OF CLAIMS**

18. The defendants' infringing activities were discovered, investigated and documented by the NLA as part of a collective infringement investigation performed on behalf of all the Plaintiffs, which are all NLA members. The NLA, and not its members, is in sole

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

possession of the information regarding the defendants' infringing activities. The claims asserted arise out of the same transaction or occurrence, or series of transactions or occurrences, and questions of law and fact common to all plaintiffs and defendants will arise in this action.

**FACTS COMMON TO CLAIMS**
**INVOLVING IMPORTED CHILEAN APPLES**

19. Plaintiff Brandt's Fruit Trees, Inc., is the owner of all right, title, and interest, and goodwill, in the following trademarks and related U.S. trademark registrations:

19.1 U.S. Trademark Registration No. 2,396,713 (the '713 registration), for the trademark PINK LADY® for use with fresh deciduous fruit, namely apples. The '713 registration is recorded with U.S. Customs as TMK 01-00445.

19.2 U.S. Trademark Registration No. 2,257,590 (the '590 registration) for the trademark PINK LADY® + "flowing heart design" for use with fresh deciduous fruit, namely apples. The '590 registration is recorded with U.S. Customs as TMK 01-00444.

19.3 Common law trademark rights in the shade of pink color (Pantone 225) used on PLU stickers, boxes, and advertising and promotional materials in connection with the PINK LADY® trademarks.

20. Cripps Pink cultivar, or Cripps Pink cv., is the common botanical name for the only cultivar of apples that can be sold under the PINK LADY® trademark.

21. Only those Cripps Pink cv. apples that meet the specified quality, origin, and licensing requirements can be sold in the United States under the PINK LADY® trademark. Not all Cripps Pink cv. apples meet the specifications required for sale under the PINK LADY® brand.

22. Defendant Ximena is not, and never has been, licensed to export PINK LADY® brand apples from Chile into the United States, nor has Ximena ever been licensed to offer for sale or to sell PINK LADY® brand apples in the United States.

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

23. Defendant Inland is not, and never has been, licensed to receive imported PINK LADY® brand apples from Chile, nor has Inland ever been licensed to offer for sale or to sell in the United States any PINK LADY® brand apples originating from any foreign country.

24. Prior to all acts set forth in this Complaint, Ximena had full knowledge of the PINK LADY® trademark registrations for apples in the United States. Ximena has refused on at least one occasion to enter into a PINK LADY® trademark license and to conform to the standards and specifications required for such a license.

25. Prior to all acts set forth in this Complaint, Inland had full knowledge of the PINK LADY® trademark registrations for apples in the United States. Inland has refused on more than one occasion to enter into a PINK LADY® trademark license and to conform to the standards and specifications required for such a license.

26. Ximena has shipped, and is shipping, into the United States unlicensed apples designated as "Cripps Pink cv." apples.

27. The labels affixed to the unlicensed apples shipped by Ximena into the United States appear as follows:






STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 • Fax (509) 453-4704

28. The labels and boxes used with properly licensed apples that are sold under the PINK LADY® trademarks incorporate the following design, protected by the '590 Registration:




29. The labels used by the Defendants have adopted a confusingly similar cursive lettering style, a confusingly similar shade of pink color, and the confusingly similar use of an "i" dotted with a "heart shape" in the word "Pink".

30. On information and belief, Ximena has conspired with Inland to sell unlicensed "Cripps Pink cv." apples as infringing and counterfeit goods under the PINK LADY® trademarks to grocery stores.

31. Inland has received, and is receiving, unlicensed apples in the United States from foreign shippers, including Ximena, designated as "Cripps Pink cv." apples, and has offered for sale and sold those apples as infringing and counterfeit goods under the PINK LADY® trademarks to grocery stores.

32. Importing Defendants have induced, aided, and abetted their grocery store customers to sell unlicensed, and therefore infringing and counterfeit apples under the registered PINK LADY® trademark.

33. Importing Defendants have induced, aided, and abetted their grocery store customers to sell unlicensed "Cripps Pink cv." apples as infringing and counterfeit goods under the PINK LADY® trademarks, resulting in the grocery stores using the PINK LADY

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

mark in produce section display cases, on store receipts, and otherwise using the PINK LADY mark with infringing and counterfeit apples at the point of sale.

34. Susan Putman is an officer and director in control of Inland, manages the day-to-day activities of Inland, and has direct liability for Inland's acts of infringement, and indirect liability for inducement and contributory infringement.

35. Upon information and belief, Freno is an officer and director in control of Ximena, manages the day-to-day activities of Ximena, and has direct liability for Ximena's acts of infringement, and indirect liability for inducement and contributory infringement.

36. Importing Defendants actions and activities are willful and intentional and may constitute criminal trafficking of counterfeit goods under 18 U.S.C. § 2320 and RCW 9.16.005 *et seq*.

## FACTS COMMON TO CLAIMS INVOLVING U.S. ORCHARD PROPERTIES

37. Each of the Plaintiffs own, or are the exclusive U.S. licensee for, one or more of the plant patents identified and described on Exhibit A to this Complaint, and one or more of the trademarks identified and described on Exhibit B to this Complaint.

38. On information and belief, Inland Orchard Owners own, lease, farm or manage parcels of real property planted, comprising of at least 1,400 farmed acres, with commercial fruit trees having one or more of the varieties identified on Exhibit A planted thereon.

39. On information and belief, defendant Inland processes, packs and sells fruit grown and harvested by the Inland Orchard Owners.

40. On information and belief, Susan Putman is an officer and director in control of and directs the day-to-day activities of Inland, Spring River, Lonesome Dove, Byrd Orchards, Byrd-Columbia, and Grandview Ranch, and has direct liability for their acts of infringement and indirect liability for inducement and contributory infringement.

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

41. On information and belief, Putman owns property individually or through limited liability entities, which are farmed or managed by Inland. On information and belief, these properties have trees planted thereon that infringe at least one patent or trademark assigned to Plaintiff.

42. On information and belief, Inland Orchard Defendants own, lease, farm or manage hundreds of thousands of commercial fruit trees, of which at least 135,000 trees are infringing at least one patent or trademark identified on Exhibits A and B, respectively.

43. Except with respect to legitimately purchased or licensed trees, Inland Orchard Defendants have no license or permission to make, use, or sell or offer to sell (i.e. farm) the patents in suit.

44. Except with respect to trees purchased from licensed nurseries or propagated from scion wood under license, Inland Orchard Defendants have no license or permission to use in commerce any of the trademarks identified on Exhibit B, or any mark similar thereto, and that the use thereof is likely to cause confusion, or mistake, or to deceive with respect to any of the marks or is likely to cause confusion or to deceive as the affiliation, connection or association with licensed trees or as to the origin, sponsorship or approval of the plantings by nurseries owning said marks.

45. On information and belief, one or more of the Inland Orchard Owners, directly or indirectly, has engaged in the manufacture of finished trees or the taking of scion wood which have been sold, leased or given to other Inland Orchard Owners or third party growers without license or permission, which activities infringe at least one patent or trademark in suit herein. These actions of Inland Orchard Owners are predatory on the licensed sales of nursery stock and constitute counterfeiting, willful infringement and unfair business acts and practices under state and federal law.

46. Plaintiffs believe and therefore allege that the infringement of each of the Inland Orchard Owners is willful and that Plaintiffs are therefore entitled to a declaration that this

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 • Fax (509) 453-4704

case is exceptional as provided in 37 U.S.C. §§ 284 and 285 and 15 U.S.C. § 1117 and award enhanced damages, Plaintiffs' attorney's fees incurred herein and the costs of suit.

47. Plaintiffs believe and therefore allege that the farming activities of each of the Inland Orchard Owners and the processing, packing and sales activities of Inland constitute as to registered trademarks, acts of trademark counterfeiting as defined in Section 34(d) of the as Lanham Act, 15 U.S.C. § 1116(d).

48. Plaintiffs seek damages in the amount of at least $6.50 per tree as lost profits for each tree owned, leased or farmed by Inland Orchard Owners that infringes any patent or trademark asserted herein.

49. Plaintiffs further seeks to recover the profits of each of the Inland Orchard Owners from the farming of trees that infringe any trademark identified in Exhibit B as permitted by the Lanham Act, 15 U.S.C. § 1051 *et. seq.*

50. Plaintiffs further seeks to recover the profits of Inland from the processing, packing and selling of any fruit that infringe any trademark for fruit as permitted by the Lanham Act, 15 U.S.C. § 1051 *et. seq.*

51. The above described infringing activities by Inland and the Inland Orchard Defendants were investigated and documented by the NLA as part of the infringement investigation services the NLA provides to its members.

**FIRST CLAIM FOR RELIEF**
**Plant Patent Infringement**

52. Inland Orchard Owners have each infringed and continue to infringe directly, contributorily, and/or by inducement, the claims of one or more plant patents identified on Exhibit A, and as proved at trial, by either asexually propagating, using, offering for sale, selling, or importing plants embodying a patented plant variety.



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

53. Plaintiffs have been and continue to be damaged by the acts of each of the Inland Orchard Owners in such amounts as may be proven at trial, but in no event less than $6.50 per tree for each infringing tree, including any trees manufactured by the Inland Orchard Owners, or the scion wood from patented trees and sold, leased or given away to other Inland Orchard Owners or to third party growers.

54. Inland Orchard Owners' acts of patent infringement are willful.

55. Plaintiffs are entitled to an award of lost profits and, where deemed appropriate, injunctive relief including but not limited to the destruction of infringing trees and fruit therefrom.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement and False Designation of Origin Involving Orchard Properties

56. Inland Orchard Owners have used and continue to use one or more of the trademarks identified on Exhibit B, and as proved at trial, on or in connection with the offer for sale, and sale or assignment of interests in infringing trees, fruit and orchards planted with unlicensed and infringing trees, and including any trees manufactured by Inland Orchard Owners, or the scion wood from trademark branded trees and sold, leased or given away to other growers, or the fruit the use of which falsely designates that those trees are duly licensed by and originated from the owner of trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a).

57. The acts of false designation of origin by the Inland Orchard Owners have caused, and will continue to cause, Plaintiffs damages in such amount as shall be proven at trial.

58. Inland Orchard Owners' acts of trademark infringement are willful.

59. Plaintiffs are entitled to an award of lost profits, including the profits of each of the Inland Orchard Owners attributable to the infringement and, where deemed appropriate,

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

as to all defendants, injunctive relief in the form of destruction of infringing trees planted on properties owned, leased or managed or farmed by the Inland Orchard Owners and the destruction of all inventory of infringing fruit held by Inland.

## THIRD CLAIM FOR RELIEF
## Trademark Counterfeiting Involving Orchard Properties

60. Each of the Inland Orchard Owners have used and continue to use identical trademarks identified on Exhibit B, on or in connection with the offer for sale, and sale or assignment of interests in infringing trees, fruit and orchards planted with unlicensed and infringing trees, and including any trees manufactured by the Inland Orchard Owners, or the scion wood from patented trees and sold, leased or given away to other growers, or the sale of fruit, in a manner that constitutes the counterfeiting of registered trademarks as defined by 15 U.S.C. § 1116(d) and plaintiff is entitled to all of the remedy allowed under 15 U.S.C. § 1117, including statutory damages in an amount up to $1,000,000 per mark for which counterfeiting occurred.

## FOURTH CLAIM FOR RELIEF
## Trademark Infringement and False Designation of Origin Involving Imported Chilean Apples

61. Importing Defendants have imported, offered for sale, and have sold in the United States unlicensed apples under the registered PINK LADY® trademarks, and other marks that, when used in commerce, are likely to cause confusion, to cause mistake or deceive.

62. Importing Defendants' commercial use of the designation PINK LADY on or in connection with unlicensed apples, falsely designates that those apples are duly licensed by and originated from the owner of the PINK LADY® trademarks in violation of 15 U.S.C. § 1125(a).

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

63. Importing Defendants' acts of trademark infringement and false designation of origin have caused, and will continue to cause, Plaintiff damages in such amount as shall be proven at trial.

64. Importing Defendants' acts of infringement and false designation of origin are willful.

65. Plaintiffs are entitled to an award of plaintiff's damages and the Importing Defendants' profits, enhanced damages, and attorneys' fees and costs.

66. Plaintiffs further demand that Importing Defendants be preliminarily and permanently restrained and enjoined from further acts of trademark infringement a false designation of origin, because such acts, if continuing, will cause irreparable harm and injury to the PINK LADY® trademarks that cannot be compensated for in monetary damages, and will continue to irreparably damage the marks unless Importing Defendants are so restrained and enjoined.

**FIFTH CLAIM FOR RELIEF**
**Trademark Counterfeiting Involving**
**Imported Chilean Apples**

67. Importing Defendants have imported, offered for sale, and have sold in the United States unlicensed apples under the registered PINK LADY® trademarks.

68. Importing Defendants have directly engaged in counterfeit use of the registered PINK LADY® trademarks in connection with the sale of said unlicensed apples, and have induced, aided, abetted, and contributed to the counterfeit use of the registered PINK LADY® trademark by others, including grocery stores.

69. Importing Defendants' acts of counterfeiting the PINK LADY® trademarks have caused, and will continue to cause, Plaintiff damages in such amount as shall be proven at trial.

70. Importing Defendants' acts of counterfeiting are willful.

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

71. Plaintiffs are entitled to an award of plaintiff's damages and the Importing Defendants' profits, or statutory damages in the amount of $1,000,000 for each mark that is counterfeited, enhanced damages, attorneys' fees and costs.

72. Plaintiffs further demand that Importing Defendants be preliminarily and permanently restrained and enjoined from counterfeiting the PINK LADY® trademarks, because Importing Defendants' acts of trademark counterfeiting, if continuing, will cause irreparable harm and injury to the PINK LADY® trademarks that cannot be compensated for in monetary damages, and will continue to irreparably damage the marks unless Importing Defendants are so restrained and enjoined.

**SIXTH CLAIM FOR RELIEF**
**Civil Conspiracy Involving**
**Imported Chilean Apples**

73. The acts of Defendants Inland, Putman, Ximena, and Freno constitute a civil conspiracy, by unlawful means, between and among them to deprive the owner of the PINK LADY® trademark of its rightful exclusive use of its property and assets.

74. Defendants Inland, Putman, Ximena and Freno combined to accomplish an unlawful purpose and entered into an agreement to accomplish that conspiracy.

**SEVENTH CLAIM FOR RELIEF**
**Washington Consumer Protection Act Violations**

75. The unfair acts and practices of all the Defendants have impacted and will continue to impact the public interest, constitute repeated violations of intellectual property rights of the owner thereof, have a great likelihood of future repetition, and constitute a violation of the Washington Consumer Protection Act, RCW 19.86.010 et seq.

76. As one example of the impact of the Defendants' activities, consumers of the State of Washington are injured by the proliferation of unlicensed foreign produced goods into the State of Washington when those goods are sold as counterfeit and infringing goods in



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

violation of federally registered trademark rights, and when those counterfeit and infringing goods fail to meet the quality standards and specifications required to use those trademarks.

77. Defendants' unfair acts and practices entitle Plaintiff to all of the remedies permitted by law including enhanced damages and attorneys fees as allowed by RCW 19.86.090, and injunctive relief pursuant to RCW 19.86.090. A copy of this Complaint will be submitted to the Washington State Attorney General's Office as required by RCW 19.86.090.

**REQUEST FOR RELIEF**

Plaintiff prays that judgment be entered as follows:

1. A preliminary and permanent injunction enjoining Inland Orchard Owners, and their agents, employees and all other persons in active concert or participation with it from infringement of the plant patents identified on Exhibit A, 35 U.S.C. § 283, and from infringement of the trademarks identified on Exhibit B, pursuant to 15 U.S.C. § 1116 and RCW 19.86.090.

2. A preliminary and permanent injunction restraining and enjoining the Importing Defendants, their agents, servants, employees, officers, and those persons in active concert or participation with the Importing Defendants, or any of them, from counterfeiting or infringing the PINK LADY® trademarks, and from making false designations of origin in connection with the PINK LADY® trademarks, and from conspiring with others to engage in such activities, pursuant to 15 U.S.C. § 1116 and R.C.W. 19.86.090.

3. To deter continued infringement, an order of impoundment and destruction of trees owned by Inland Orchard Owners, or leased, farmed or managed by Inland Orchard Owners found to be infringing the plant patents and trademarks asserted in this lawsuit as permitted by 35 U.S.C. § 283 and 15 U.S.C. § 1118.



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

4. To deter continued infringement, an order of impoundment and destruction of all packed boxes of fruit that counterfeit or infringe the PINK LADY® trademarks, or that counterfeit or infringe any of the trademarks identified on Exhibit B, or that falsely designate the origin of fruit, pursuant to 15 U.S.C. § 1118.

5. A money judgment pursuant to 35 U.S.C. §§ 284 and 285 for damages in an amount of $6.50 for each tree that infringes a patent in suit, or in such amount as may be proven at trial adequate to compensate Plaintiffs for Inland Orchard Owner's infringements of the plant patents in suit, together with treble damages and lost profits, prejudgment interest, and statutory costs.

6. A money judgment pursuant to 15 U.S.C. § 1117 and RCW 19.86.090 for damages against Inland Orchard Owners, jointly and severally, in an amount of not less than $6.50 for each tree, and against all defendants, jointly and severally, for any fruit at $5.50 per packed box, that infringes a trademark in suit, or in such amount as may be proven at trial, adequate to compensate Plaintiffs for Defendants' unfair acts and practices, and an award of enhanced damages for willful misappropriation as permitted by 15 U.S.C. § 1117 and RCW 19.86.090 and prejudgment interest.

7. A money judgment under 15 U.S.C. § 1117 against each Defendant, jointly and severally, for the Defendants' profits arising from their acts of counterfeiting, infringement, and false designation of origin with respect to the PINK LADY® trademarks, and any of the trademarks identified on Exhibit B.

8. A money judgment against the Defendants under Title 15 U.S.C. § 1117 for statutory damages, in lieu of actual damages, for the use of counterfeit marks in an amount of $1,000,000 for each mark counterfeited.

9. A money judgment against each of the Defendants, jointly and severally, in the amount of treble damages for trademark counterfeiting.



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704

10. A money judgment pursuant to 35 U.S.C. § 1117 against all Defendants, jointly and severally, for the profits arising from the farming of trees, or the sales of fruit, that infringe any trademark identified herein.

11. A declaration that the actions of all Defendants in the infringement of the patents-in-suit and trademarks-in-suit is willful and that this case is exceptional.

12. For a trebling of damages and an award of Plaintiffs' attorneys fees and costs against Defendants under applicable statutes, including 35 U.S.C. § 285, 15 U.S.C. § 1117 and R.C.W. 19.86.090.

13. An award of prejudgment interest.

14. For such other and further relief as the court deems just and equitable.

DATED this 16th day of April, 2004

Respectfully submitted,

Scott Bruns
Attorney for Plaintiffs

By: [signature]
Scott Bruns, WSBA No. 15,060

STRATTON BALLEW PLLC
Attorneys for Plaintiffs

By: [signature]
Wes L. Gano, WSBA No. 19,606



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 • Fax (509) 453-4704

EXHIBIT A

**Plant Patents**

| | |
|---|---|
| Waliser cv. | PP 8,673 |
| W&W cv. | PP 4,819 |
| Cripps Pink cv. | PP 7,880 |
| Snipes cv. | PP 4,839 |
| Obrogala cv. | PP 8,621 |
| Vallee Spur cv. | PP 6,702 |
| T.A.C. #114 Fuji | PP 8,032 |

STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 • Fax (509) 453-4704

EXHIBIT B

**Trademarks**

| | |
|---|---|
| Crimson® Gala | U.S. Reg. No. 1,921,296 |
| Crimson® Gala | U.S. Reg. No. 2,736,072 |
| Oregon Spur® I | U.S. Reg. No. 1,501,549 |
| Oregon Spur® II | U.S. Reg. No. 1,501,549 |
| Pink Lady® | U.S. Reg. No. 1,975,604 |
| Pink Lady® | U.S. Reg. No. 2,396,713 |
| Pink Lady® + design | U.S. Reg. No. 2,257,590 |
| Scarlet Spur® | U.S. Reg. No. 1,952,536 |
| Ultrared Gala™ | Common Law Trademark |



STRATTON BALLEW PLLC
213 South 12th Avenue
Yakima, Washington 98902
Tel: (509) 453-1319 ▪ Fax (509) 453-4704